

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable M. F. Kieke
County Attorney
Lee County
Giddings, Texas



Overruled by O-4446

Dear Sir:

Opinion No. O-1357
Re: Whether the Board of Trustees
or the Commissioners' Court should
canvass returns in an election in
a common school district and whether
the Board of Trustees or the Commis-
sioners' Court should issue the
commission to the trustee elected.

We acknowledge receipt of your letter of August 28,
1939, requesting our opinion with reference to the question
stated below. We also acknowledge receipt of the brief accom-
panying your letter, which has given us material assistance
in the consideration of the question submitted.

The facts as stated in your request are substantially
as follows:

A and B were both candidates for the office of school
trustee in a common school district having fewer than five hun-
dred scholastics. The election judges made the returns to the
Board of Trustees of said common school district and the said
Board of Trustees canvassed the returns and issued a certificate
of election to A. The Board of Trustees turned the ballots and
other supplies over to the County Clerk. The Commissioners'
Court declared the result of the election and also issued a
certificate of election to A. A filed both of these certifi-
cates with the County Superintendent and took the oath of office.
Within thirty days after the election, B entered suit in the
District Court to contest the election. After the case was
filed in the District Court, but before it was heard, the

Commissioners' Court entered an order rescinding their former order declaring the result of the election. This second order was entered in a term subsequent to the term in which the order had been entered declaring the result of the election, and the second order recited that the Commissioners' Court in its first order had erroneously declared the result of the election and that the Commissioners' Court now desired to rescind its former action. Thereafter the District Judge granted A's motion to dismiss the contest on the ground that the petition failed to allege the completion of the election and that the District Court was without jurisdiction. After the District Court dismissed B's contest the County Judge ordered a new election on his own motion. In this second election B was unanimously elected. The Board of Trustees did not have any part in ordering the election or canvassing the result of the second election. The Commissioners' Court canvassed the result of the second election and issued a certificate of election to B, who took the oath of office and filed his certificate and oath with the County Superintendent.

The question which you ask is whether A or B is the legally elected trustee.

Our answer to your question is that A is the legally elected trustee.

We assume from your statement of facts that the first election, at which A was elected, was properly held. This Department has already considered the question of whether the Board of Trustees or the Commissioners' Court should canvass returns in an election for a trustee in common school districts and whether the Board of Trustees or the Commissioners' Court should issue the commission to the trustee elected. In opinion No. O-855, written by Honorable Glenn R. Lewis, Assistant Attorney General, to Honorable K. D. Hall, County Attorney, Refugio, Texas, dated April 24, 1939, it was held that Article 2746 of the Revised Civil Statutes, as amended in 1937, superseded Article 2746a, so far as common school districts are concerned, and that the Board of Trustees of the common school district is the proper authority to canvass the returns and declare the result of an election for a trustee of the common school district and to issue the commission to the trustee elected. For your convenience, we are enclosing herewith a copy of this opinion. The Board of Trustees of the common school district, having canvassed the returns and declared the result of the first election, and having issued a commission to A, A is the legally elected trustee, until the action of the Board of Trustees of the common school district is set aside by a competent authority.

The Commissioners' Court had no authority to canvass the returns or declare the result of the election, nor did it have authority to issue a certificate of election. All of the acts of the Commissioners' Court in this connection were therefore void. The act of the County Judge in ordering a special election was also without statutory authority, and the election which was held under the order of the County Judge was of no force and effect. The result of the void election could of course have no effect upon the right of A to hold the office of school trustee. Compare Stubbs v. Moursund, 282 S. W. 632 (writ of error dismissed).

Of course the proceedings in the District Court would not prejudice A's right to hold the office of school trustee, since the suit in the District Court was dismissed.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *James P. Hart*

James P. Hart
ASSISTANT

JPH:AMM

ENCLOSURE

APPROVEDSEP 20, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *BWB.*
CHAIRMAN